## Luce & Co., S. en C., Recurrentes, *v.* El Registrador de Guayama, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Guayama denegatoria de una anotación preventiva sobre prohibición de enajenar.

No. 470.—Resuelto en diciembre 14, 1920.

Anotación Preventiva — Mandamiento Ordenando la Prohibición de Enajenar—Corte Competente.—El mandamiento para anotar preventivamente en un registro la prohibición de enajenar bienes inmuebles o derechos reales, debe ser expedido por la corte en cuyo término jurisdiccional radique el registro, mediante gestión de la parte interesada, aunque dicha prohibición de enajenar haya sido dictada por otra corte, por exigirlo así el artículo 97 del Reglamento Hipotecario que no ha sido derogado por la Ley de Enjuiciamiento Civil vigente.

Id.—Id.—Requisitos del Mandamiento Prohibiendo Enajenar—Defecto Subsanable.—Cuando la demanda es la causa determinante de la anotación en el registro, de un decreto prohibiendo enajenar, constituye defecto subsanable el no insertar literalmente la demanda en el mandamiento dirigido al registrador.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. J. Tous Soto.*

El registrador recurrido, Sr. Francisco Socorro, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En pleito civil pendiente ante la Corte de Distrito de Ponce por Luce & Company, S. en C., contra María de los Dolores y Aurora Lugo Viña y Danzo y otros sobre cumplimiento de un contrato de compraventa de finca rústica, dicha corte, a moción de la parte actora dictó contra los demandados, previa fianza de $10,000, la prohibición de enajenar los condominios reclamados en la demanda a otra persona que no fuera la demandante durante la pendencia del caso y hasta ulterior orden de la corte, y ordenó además que se expidiera mandamiento al Registrador de la Propiedad de Guayama para la anotación en el registro de la expresada orden.

Librado mandamiento al Registrador de la Propiedad de Guayama para la anotación preventiva de la prohibición de enajenar decretada, por referirse a condominios de una hacienda de fabricar azúcar sita en el barrio de Machetes del término municipal de Guayama, en cuyo registro aparecía inscrita, el registrador denegó la anotación por no estar expedido el mandamiento por orden de la Corte de Distrito del Distrito Judicial de Guayama en que radicaban tanto la oficina del registro como la finca objeto de la acción, según lo exigían los artículos 97 del reglamento hipotecario y 75 del Código de Enjuiciamiento Civil, habiendo tomado anotación preventiva de la denegación por término legal con el defecto subsanable de no insertarse literalmente en el mandamiento el documento o escrito de demanda que motivara la resolución prohibitoria de enajenar.

La calificación del registrador, que lleva fecha 30 de junio de 1920, ha sido recurrida para ante esta Corte Suprema por la Corporación Luce & Co., S. en C.

El artículo 97 del Reglamento para la Ejecución de la Ley Hipotecaria, citado por el registrador, dice así:

"Artículo 97.—Toda anotación preventiva que no pueda hacerse

sino por providencia judicial, se verificará en virtud de la presentación en el registro de mandamiento del juez o tribunal en que se insertará literalmente, el particular de la providencia en que se haya dictado, su fecha y el documento o documentos que hayan motivado dicha anotación.

"El mandamiento será siempre expedido por el juez o tribunal en cuyo término jurisdiccional radique el registro donde haya de tomarse la anotación preventiva, al que exhortarán los demás jueces o tribunales para que libre los mandamientos cuando el registro no esté situado en sus respectivas demarcaciones."

La anotación preventiva de la prohibición de enajenar bienes inmuebles es de las comprendidas en el No. 4 del artículo 42 de la Ley Hipotecaria y debe ordenarse en providencia judicial, por lo que ha de llevarse a efecto presentando en el registro mandamiento expedido por la corte en cuyo término jurisdiccional radique el registro donde haya de tomarse la anotación. La prohibición de enajenar indudablemente ha de decretarse por el juez o tribunal que conoce del pleito en que se solicita, pero si se trata de un bien inmueble radicado en el distrito de otra corte, esa corte es la llamada a librar el mandamiento para la anotación mediante gestión de la parte interesada ante la corte que conoce del caso. Por la relación que pueda tener con la materia en discusión, véase nuestra resolución en el caso de *Benet* v. *Hernández,* 22 D. P. R. 348.

Y el artículo transcrito es de aplicación aún después de la vigencia del Código de Enjuiciamiento Civil pues contiene una regla de procedimiento que afecta al funcionamiento de los registradores, los que se gobiernan por la Ley Hipotecaria y sus reglamentos.

El artículo 75 del Código de Enjuiciamiento Civil que también cita el registrador no es de aplicación al caso.

En cuanto al defecto subsanable de que deberá insertarse literalmente en el mandamiento el documento o documentos que hayan motivado la anotación, la misma parte recurrente acepta que el artículo 72 de la Ley Hipotecaria exige que

las anotaciones preventivas que deban su origen a providencia de embargo o secuestro deben expresar la causa que haya dado lugar a ellas, y como en el presente caso no aparece que haya otro documento o documentos que hayan motivado la anotación fuera de la demanda, es lógico que una copia de ella se inserte literalmente en el mandamiento por haber sido la demanda la causa determinante de la anotación.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.