BATLE ET AL., RECURRENTES, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una escritura de anotación de embargo.

No. 520.—Resuelto en junio 6, 1922.

ANOTACIÓN PREVENTIVA—MANDAMIENTO PARA ANOTAR UN EMBARGO—CORTE COMPETENTE.—En el presente caso se resolvió: que el párrafo 2°. del artículo 97 del Reglamento de la Ley Hipotecaria quedó derogado por la orden general

No. 100 del gobierno militar, fechada abril 12, 1900; por lo que, una orden de la Corte de Distrito de Ponce despachada por el subsecretario a nombre del secretario de dicha corte para que se anote por el Registrador de Arecibo un embargo sobre cierta finca radicada en el término municipal de Arecibo es válida, debiendo ser anotado el embargo.

Los hechos están expresados en la opinión.

Abogado .de los recurrentes: *Sr. J. Tous Soto.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

En el pleito civil en curso ante la Corte de Distrito de Ponce seguido por *Joaquina Batle y Campos viuda de Vilaró et al.* v. *J. B. Lichetestein and Co.,* se expidió por el subsecretario de la Corte de Distrito de Ponce un mandamiento dirigido directamente por dicho funcionario al Registrador de la Propiedad de Arecibo para la cancelación de un embargo que había sido trabado sobre cierta propiedad inmueble y disponiéndose al mismo tiempo que en su lugar fuera embargada determinada finca rústica radicada en el distrito de Arecibo.

El registrador denegó la inscripción poniendo al pie del documento la siguiente nota:

"DENEGADA la anotación de embargo que se ordena en el precedente mandamiento porque autoriza éste el subsecretario a nombre del secretario de la Corte de Distrito de Ponce, en vez de expedirlo el marshal de Arecibo, a que pertenece este registro y en donde radica la finca embargada, como determinan el artículo 97 del Reglamento Hipotecario, el 245 del Código de Enjuiciamiento Civil y las resoluciones de la Corte Suprema en los casos *Luce* v. *El Registrador,* tomo 28, página 968, y *Benet* v. *Hernández,* tomo 22, página 348, y tomada en su lugar la preventiva por 120 días al folio 249 vuelto, tomo 54 de Arecibo, finca número 897 triplicado, anotación D, con los defectos subsanables de no expresarse el domicilio de la sociedad demandada, las circunstancias personales de los demandados Antonio J. Herrera y J. B. Lichetestein ni el origen de la deuda."

No conforme con la calificación del registrador, el inte-

resado estableció el presente recurso contra la nota denegatoria, y tanto el recurrente como el registrador presentaron alegatos.

Según los términos en que está redactada la nota del registrador niega la anotación que se decretó por la Corte de Distrito de Ponce porque fué el subsecretario de dicha corte quien autorizó el mandamiento para la anotación en vez de expedirlo el marshal del distrito de Arecibo por radicar en este distrito las fincas a que se refiere.   En otras palabras, entiende el registrador que para poder practicar las anotaciones ordenadas por la Corte de Distrito de Ponce el mandamiento que se le presente debe ser expedido por el marshal del distrito de Arecibo, en virtud de orden que le dé el juez de su distrito cumpliendo exhorto del Juez de Distrito de Ponce, pues cita el artículo 97 del Reglamento de la Ley Hipotecaria según el cual tal exhorto y orden del juez de distrito en que están las fincas es necesario; artículo que según su alegato no está derogado por la orden general No. 100 del año 1900, porque en el caso de *Ochoa* v. *Hernández,* 230 U. S. 139, se declaró que el gobernador militar de Puerto Rico no podía derogar la Ley Hipotecaria, y nos cita los casos de Luce y de Benet.

El texto literal del artículo 97 del Reglamento para la Ejecución de la Ley Hipotecaria dice:

"Toda anotación preventiva que no pueda hacerse sino por providencia judicial, se verificará en virtud de la presentación en el registro de mandamiento del juez o tribunal, en el que se insertará literalmente el particular de la providencia en que se haya dictado, su fecha y el documento o documentos que hayan motivado dicha anotación.

"El mandamiento será siempre expedido por el juez o tribunal en cuyo término jurisdiccional radique el registro donde haya de tomarse la anotación preventiva, al que exhortarán los demás jueces o tribunales para que libre los mandamientos cuando el registro no esté situado en sus respectivas demarcaciones."

La segunda parte de esa disposición legal es la que vamos a analizar por ser la que tiene relación con el recurso. No hay que dudar que dada hoy la tendencia de las leyes adjetivas a facilitar la tramitación de los asuntos y que los procedimientos sean rápidos y adecuados, como así resulta de nuestras vigentes leyes procesales, el artículo 97 citado representa una dilación en el despacho de los negocios y algo así como un trámite innecesario en los mismos, y esto fué lo que había de tener en cuenta la junta judicial que existía en abril de 1900 para recomendar la derogación de dicho artículo 97 como una rueda innecesaria y dilatoria en la tramitación de los asuntos del registro. Tal recomendación se llevó a efecto y en 12 de abril de 1900 se decretó por el gobierno militar la Orden General No. 100, que textualmente dice:

"Por recomendación de la Junta Judicial se dispone lo siguiente: I. Los tribunales se comunicarán directa e indistintamente entre sí sin sujetarse a la antigua subordinación de tribunales inferiores y superiores que establece el artículo 237 de la Ley de Enjuiciamiento Civil. II. También podrán los tribunales dirigirse directamente a cualquiera oficina del registro de la propiedad o de otra clase para el cumplimiento de las resoluciones judiciales que dictaren."

Según la anterior orden general la Corte de Distrito de Ponce podía dirigirse directamente a cualquier oficina del registro de la propiedad en la isla. No obstante, el registrador alega que el Tribunal Supremo de los Estados Unidos en el caso de *Ochoa* v. *Hernández,* 230 U. S. 139, declaró que el comandante militar de esta isla no estaba facultado para modificar la Ley Hipotecaria.

Examinaremos el caso citado por el registrador de Arecibo. Se refiere a una orden judicial de fecha 4 de abril de 1899. Véase volumen 2, pág. 71, de las Ordenes Militares. Por esta orden se enmiendan los artículos 391, 393, 394 y 395 de la Ley Hipotecaria y por la cláusula final se declara

que dicha orden tendrá efecto retroactivo.   En la página 160, tomo 230, de las citadas Decisiones de los Estados Unidos, se dice lo siguiente:

"En vista de todas las circunstancias creemos que resulta claro que el gobernador carecía de autorización del Presidente para dictar ninguna orden que fuera judicial por su naturaleza y que tuviera el efecto de privar a alguna persona de su propiedad sin el debido proceso de ley.

"Se ha dicho que la sección octava del Acta Foraker (31 Estatutos 79, Cap. 191) tuvo el efecto de revocar la orden judicial del general Henry.  Esa sección declaraba lo siguiente: 'Que las leyes y ordenanzas de Puerto Rico actualmente en vigor, continuarán vigentes, excepto en los casos en que sean alteradas, enmendadas o modificadas por la presente; o hayan sido alteradas o modificadas por órdenes militares y decretos vigentes cuando esta ley entre a regir, y en todo aquello en cuanto las mismas no resulten incompatibles, o en conflicto con las leyes estatutorias de los Estados Unidos no aplicables localmente, o con las presentes disposiciones, hasta que sean alteradas, enmendadas o revocadas por la autoridad legal legislativa creada por la presente para Puerto Rico o por una ley del Congreso de los Estados Unidos,' con disponiéndose que no son ahora pertinentes.  No podemos encontrar en esta ninguna intención legislativa de dar validez a alguna orden del gobierno militar que fuera en exceso de la autoridad conferídale por el Presidente."

Esta Corte Suprema, por voz del Juez Asociado Sr. Hutchison, en el caso *Sucesión Rodríguez* v. *Sucesión Torres,* 24 D. P. R. 787, comentando la opinión en el caso de *Ochoa* v. *Hernández, supra,* se expresó en estos términos:

"En el caso de *Ochoa* v. *Hernández,* la Corte Suprema sin resolver si la autoridad del comandante militar en Puerto Rico quedaba o no sujeta a las mismas limitaciones constitucionales como lo está la del Congreso, sostuvo el criterio de que de acuerdo con las instrucciones comunicadas por el Presidente McKinley al Secretario de la Guerra en 13 de julio de 1898 con referencia a Cuba, Ordenes Generales del Departamento de la Guerra, No. 101, hechas obligatorias para el Gobernador de Puerto Rico por virtud de la

comunicación remitiendo instrucciones de .fecha julio 29, publicada por orden del General Miles para información y guía de todos los interesados y que de tal modo continuaron en vigor como reconocida declaración de principios por los cuales estaba limitado el gobierno militar, el gobernador militar carecía de autorización del Presidente para dictar ninguna orden, judicial por su naturaleza, que tuviera el efecto de privar a ninguna persona de su propiedad sin el debido procedimiento de ley.''

Tanto de la opinión de la Corte Suprema de los Estados Unidos como de la de esta corte, se desprende que no es exacta la conclusión a que ha llegado el registrador de Arecibo cuando alega escuetamente que en aquella decisión del más alto tribunal de la Unión se declaró que el gobierno militar en Puerto Rico no estaba facultado para modificar la Ley Hipotecaria. La Corte Suprema de los Estados Unidos cita en su opinión la sección octava del Acta Foraker. Esta disposición admite de un modo general la facultad que tenía el gobierno militar para enmendar las leyes existentes en aquel entonces y de una manera expresa y clara dispuso que continuarían vigentes las leyes y ordenanzas que estaban en vigor, haciendo excepciones en los casos en que resultaban alteradas, enmendadas o modificadas por la misma acta, o que hubieran sido alteradas, enmendadas o modificadas por órdenes militares   *   *   *  .

No hay que decir que en el principio general de enmendar o modificar una ley, nunca puede estar comprendido el de hacerlo en forma alguna que pueda afectar de algún modo o destruir derechos sustanciales de las partes. El mismo Congreso no podía tener ese poder. En ninguna parte de la nación puede decretarse ley alguna que pueda privar a una persona de la vida o propiedad sin el debido procedimiento de ley. Y este principio, en cuanto a la propiedad, fué el que se discutió en el caso de *Ochoa* v. *Hernández, supra,* y su quebrantamiento tenía que llevar el sello de ex-

ceso de facultades por cualquiera que fuera el poder que lo hiciere, ya fuere tal poder civil o militar.

Nosotros creemos que tenemos una situación bien distinta con la enmienda o derogación del artículo 97 del Reglamento para la Ejecución de la Ley Hipotecaria. La disposición de dicho artículo es de puro carácter adjetivo, no infringe o lesiona ningún derecho sustancial de partes interesadas; su derogación era más bien en beneficio de la rapidez de los procedimientos y por tales razones estaba dentro de las facultades del gobierno militar la enmienda o derogación del artículo 97 arriba citado.

Es cierto que en el caso de Luce se declaró que el artículo 97 estaba en vigor pero ni las partes en ese asunto hicieron referencia a dicha orden general ni este tribunal la tuvo presente al resolver el caso. En cuanto al caso de Benet, se trataba de un mandamiento librado por un marshal de un distrito al registrador de otro distrito y dijimos que como las facultades del marshal están limitadas a su demarcación territorial no estaba autorizado para dirigirse directamente al registrador de la propiedad de otro distrito. Pero en el caso presente no fué el marshal de Ponce el que se dirigió al registrador de Arecibo sino el subsecretario de la corte y pudo hacerlo de acuerdo con la Orden General No. 100. Es verdad que el artículo 245 del Código de Enjuiciamiento Civil del año 1904 dispone que la orden de ejecución podrá librarse al marshal de cualquier distrito de la isla pero creemos que este artículo no ha enmendado la Orden General No. 100.

A virtud de las razones expuestas, la nota del registrador debe ser revocada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.