ANTONIO VIVALDI PACHECO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, P. R., recurrido.

No. 769.—*Sometido:* Mayo 29, 1929. *Resuelto:* Junio 10, 1929.

*Oscar Souffront,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En el pleito No. 13900 seguido en la Corte de Distrito de Mayagüez por Antonio Vivaldi Pacheco contra Sebastián

Colón Soto sobre cobro de dinero, se decretó el aseguramiento de la sentencia, ordenándose que se librara mandamiento al márshal de la Corte de Distrito de Aguadilla a fin de que embargara bienes del demandado suficientes para garantizar la suma de $3,948.06 de principal y $500 para intereses y costas, todo de acuerdo con la ley sobre aseguramiento de sentencias de 1902.

El mandamiento fué expedido y del certificado de diligenciamiento del márshal del distrito judicial de Aguadilla resulta que dicho funcionario cumplió la orden recibida embargando al efecto todo el interés que el demandado tuviera en una finca rústica que se describe situada en la jurisdicción de Lares que corresponde al distrito judicial de Aguadilla.

Después del certificado que aparece a la vuelta del mandamiento, el márshal consignó lo que sigue:

"AL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, P. R.—Se expiden copias por duplicado del embargo practicado para su anotación en el Registro de la Propiedad de Aguadilla, Puerto Rico, debiendo devolverme una copia diligenciada para constancia en los autos, ordenándose a usted tome nota del embargo practicado.—Aguadilla, P. R., a seis de mayo de 1929, (fdo.) Luis Cuevas Mas, Márshal, por (fdo.) Alfonso Galeffin, Márshal Auxiliar.—Hay un sello que dice: 'District Court of Aguadilla, P. R., Márshal's Office.' "

Luego consta la nota de presentación, así:

"Presentado a las 3:05 de la tarde. Asiento No. 117, folio 117 tomo 73. Aguadilla, P. R., 6 de mayo de 1929.—(f) Abella."

Cuatro días después el registrador devolvió al márshal la documentación con una nota que, copiada en lo pertinente, dice:

"Denegada la anotación preventiva ordenada en el documento que antecede, por no constituir el mismo un mandamiento judicial en la forma que determina la Ley y tomada en su lugar anotación por ciento veinte días, a los efectos legales, al folio 79 del tomo 66 de Lares, finca No. 3407 dup. anotación letra 'B' . . . "

No conforme el demandante en el pleito a cuyo favor se

decretó el embargo, interpuso el presente recurso gubernativo.

Lo que el márshal de Aguadilla presentó al registrador fueron copias auténticas del mandamiento original que recibiera, de su diligenciado trabando el embargo y de la nota de trasmisión para la anotación del mismo en el registro.

La ley especial sobre la materia, o sea la ley para asegurar la efectividad de sentencias, aprobada el 1°. de marzo de 1902, Comp. 1911, p. 884, en su sección 9, dice:

"El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado . . ."

Y la sección 5 de la ley relativa a las sentencias y manera de satisfacerlas aprobada en marzo 9, 1905, Comp. 1911, p. 895, que puede aplicarse por analogía, expresa:

"Sección 5. Para trabar un embargo sobre una propiedad inmueble no será menester que el funcionario encargado de llevarlo a cabo se constituya en la finca, y siendo bastante que en el auto disponiendo la ejecución se haga constar por endoso el embargo, describiendo la finca, y remitirá una copia de dicho auto, con el endoso, al registrador de la propiedad del distrito en que radicare la finca, para la correspondiente inscripción."

El mandamiento al márshal contiene todos los elementos externos que se exigen para la validez de tales documentos. No se impugna la potestad de la corte para decretar el aseguramiento por medio de embargo. El mandamiento se dirigió al márshal del distrito en que radica la finca embargada, de acuerdo con lo dispuesto en el artículo 245 del Código de Enjuiciamiento Civil y la jurisprudencia establecida en *Benet* v. *Hernández*, 22 D.P.R. 348. Parece que lo que el registrador sostiene que falta es un mandamiento expresamente dirigido a él para verificar la anotación.

A nuestro juicio no tiene razón el registrador. No se necesita un nuevo mandamiento. Basta con el dirigido al márshal que es el funcionario que tiene facultad para cumplir

724

como cumplió en este caso con la orden de la corte. Una vez trabado el embargo sobre determinada propiedad, el mandamiento y su diligenciado se llevan al registro del distrito en que la finca está situada como cualquiera otra documentación inscribible y el registrador procede a verificar la anotación de acuerdo con el precepto legal que dejamos transcrito. Aunque no se trata de casos iguales, para una mayor ilustración sobre el punto que resolvemos parece oportuno referirnos a la decisión de esta corte en *Batle et al.* v. *Registrador,* 30 D.P.R. 745.

En cuanto a la nota de trasmisión diremos que no es en verdad un modelo. Su redacción puede ser mejorada, pero ello no es fundamental. Lo que decidimos es que no se necesita un nuevo mandamiento para que el registrador actúe.

*Debe revocarse la nota recurrida.*