OCHOA FERTILIZER COMPANY, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 867.—*Sometido:* Mayo 16, 1932. *Resuelto:* Junio 6, 1932.

*J. Henri Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En el pleito seguido en la Corte de Distrito de San Juan por la Ochoa Fertilizer Co. contra Juan Amill Rodríguez en cobro de pesos, se pidió a la corte que decretara el embargo de bienes del demandado por la suma de $2,496 para asegurar la efectividad de la sentencia que pudiera dictarse en el mismo y la corte lo decretó, previa prestación de una fianza por la suma de $2,000. Prestada la fianza, el secretario de la corte expidió mandamiento dirigido al Registrador de la Propiedad de San Germán, en cuyo registro se encuentran inscritos bienes inmuebles del demandado, para que anotara sobre ellos el embargo decretado.

El registrador se negó a verificar la anotación por los siguientes motivos:

"DENEGADO el documento que precede con vista de otro, en el cual

se describen las fincas embargadas por observarse que la orden de embargo decretada por la Corte de Distrito del Distrito Judicial de San Juan, ha sido simplemente cumplimentada por un mandamiento expedido por el Secretario de la misma al Registrador de la Propiedad de San Germán sin que conste de los documentos presentados que el Márshal de la Corte de Distrito de Ponce a que pertenece judicialmente el pueblo de Yauco donde radican los bienes embargados, haya tenido intervención alguna, ejecutando la referida orden de embargo como único funcionario autorizado por la ley; . . .''

En su alegato el registrador expresa que a no ser por lo resuelto por esta Corte Suprema en el recurso gubernativo de *Baudilia Rodríguez* v. *Registrador de Mayagüez*, 42 D.P.R. 104, hubiera practicado la anotación. La recurrente en el suyo invoca en su favor las decisiones de esta corte en los casos de *Batle* v. *Registrador*, 30 D.P.R. 745 y *Santini Fertilizer* v. *Registrador*, 36 D.P.R. 20, y distingue la del de Rodríguez, *supra*.

Veamos lo que en verdad resolvieron las decisiones citadas.

En el caso de Batle, *supra*, el Secretario de la Corte de Distrito de Ponce expidió un mandamiento dirigido al Registrador de la Propiedad de Arecibo a fin de que cancelara cierto embargo y anotara otro, todo, desde luego, ejecutando una orden de la corte. El registrador se negó a cumplir lo que se le ordenaba porque el mandamiento no había sido expedido por el márshal del distrito de Arecibo en que radicaba la finca embargada. Citó en apoyo de su negativa el artículo 97 del Reglamento Hipotecario, el 245 del Código de Enjuiciamiento Civil y las decisiones de esta corte en los casos de *Luce* v. *Registrador*, 28 D.P.R. 968 y *Benet* v. *Hernández*, 22 D.P.R. 249. Y esta corte resolvió que la segunda parte del artículo 97 del Reglamento Hipotecario, que era la pertinente, fué derogada por la Orden General No. 100, de 12 de abril de 1900, que dice: ''Por recomendación de la Junta Judicial se dispone lo siguiente: I. Los tribunales se comunicarán directa e indistintamente entre sí sin sujetarse

a la antigua subordinación de tribunales inferiores y superiores que establece el artículo 237 de la Ley de Enjuiciamiento Civil. II. También podrán los tribunales dirigirse directamente a cualquiera oficina del registro de la propiedad o de otra clase para el cumplimiento de las resoluciones judiciales que dictaren''; que esa orden estaba en todo su vigor, no obstante lo decidido por la Corte Suprema Nacional en el caso de *Ochoa* v. *Hernández,* 230 U. S. 139; que el caso de Luce, *supra,* se resolvió sin tener en cuenta la O. G. No. 100, de 1900, y el de Benet, *supra,* no era aplicable porque en él se trataba de un mandamiento de un márshal de un distrito al registrador de otro distrito, y que el artículo 245 del Código de Enjuiciamiento Civil se refería a la orden de ejecución y no enmendó la repetida Orden General. En su consecuencia se revocó la nota, dándose validez al mandamiento.

Pasaron cuatro años y la doctrina del caso de Batle, *supra,* fué expresamente confirmada en el de *Santini Fertilizer Co., Inc.* v. *Registrador,* 36 D.P.R. 20.

Antes de resolverse el caso de Rodríguez, *supra,* se decidió el de *Vivaldi* v. *Registrador,* 39 D.P.R. 721, en el que se estableció que ''Dirigido un mandamiento de embargo al márshal del distrito en que radica la finca a embargar, trabado el embargo, no es necesario un nuevo mandamiento dirigido al registrador para él verificar la anotación del embargo; basta con el dirigido al márshal y su diligenciado.''

Y entonces vino la decisión de *Rodríguez* v. *Registrador,* 42 D.P.R. 104, cuyo resumen dice:

''Un embargo debe hacerse por el márshal de la corte bajo el mandamiento librado por el secretario y no por éste; el secretario carece de facultades para tal acto.''

En la opinión se transcribe el mandamiento expedido por el Secretario. Su último *Por cuanto* y su *Por tanto* son como sigue:

'' 'Por cuanto, a solicitud de dicha demandante Baudilia Rodrí-

guez, mayor de edad, viuda, propietaria y vecina de San Juan y en cumplimiento de la orden transcrita he embargado el inmueble arriba descrito.

" 'Por tanto, para que por usted, Sr. Registrador de la Propiedad de Mayagüez, P. R., se tome anotación del referido embargo, le libro el presente mandamiento por duplicado bajo mi firma y el sello de esta corte, en San Juan, P. R., hoy día 24 de octubre de 1930.' "

Se copia en seguida la nota del registrador y sin referencia alguna a otras decisiones de esta Corte, se termina expresando:

"La nota del registrador es correcta. El secretario de la corte no puede embargar bienes, ni ésa es función que le corresponde, de acuerdo con la ley. El embargo debe hacerse por el márshal bajo el mandamiento librado por el secretario."

A nuestro juicio habiendo en consideración lo resuelto en el caso de Batle, *supra,* confirmado en el de Santini, *supra,* y los términos en que está redactada la sección pertinente de la Ley sobre efectividad de sentencias, a saber: El embargo . . . de . . . inmuebles se efectuará anotándolo en el registro de la propiedad. . . Sec. 9 de la Ley para asegurar la efectividad de sentencias de marzo 1, 1902, Comp. 1911, p. 885, basta que la Corte decrete el embargo y su Secretario dirija mandamiento al registro en cumplimiento del decreto, para que el registrador pueda y deba anotarlo. Esto no quiere decir que si se ordena al márshal que practique el embargo, no pueda dicho funcionario hacerlo. Puede, tal como se resolvió en el caso de Vivaldi, *supra.* Para embargos de esta naturaleza, esto es, los ordenados practicar por medio de anotaciones en el registro, coexisten los dos medios. La orden emana siempre de la Corte y puede cumplirse por mandamiento expedido directamente al Registrador o al márshal como en los casos corrientes para que actúe.

La decisión en el caso de Rodríguez, *supra,* está justificada por sus propios términos. El mandamiento expedido por el secretario en tal caso era improcedente ya que el embargo

de bienes no es función suya. Y expresamente consignó que a solicitud de la demandante, había embargado el inmueble descrito.

*Por virtud de todo lo expuesto, se revoca la nota recurrida.*