GARCÍA Y GONZÁLEZ, recurrente, *v.* EL· REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 925.—*Sometido:* Julio 9, 1934. *Resuelto:* Julio 18, 1934.

*Víctor M. Pons Gil,* abogado de la recurrente; el registrador recurrido cmpareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Secretario de la Corte de Distrito de Guayama dirigió al Registrador de la Propiedad del mismo distrito, un mandamiento que copiado a la letra, dice:

"EN LA CORTE DE DISTRITO DEL DISTRITO JUDICIAL DE GUAYAMA, PUERTO RICO.—García y González, demandante, vs. Juan Basilio Rivera, demandado.—Civil No. 9604.—Sobre: Cobro de dinero.

"Estados Unidos de América, El Presidente de los Estados Unidos, SS.

"MANDAMIENTO DE ANOTACIÓN DE EMBARGO.—Al Hon. Registrador de la Propiedad de Guayama. Señor:

"POR CUANTO: En el caso de epígrafe esta Hon. Corte ha dictado una orden que copiada al pie de la letra dice así:

"ORDEN.—Vista la demanda y moción de aseguramiento en el presente caso así como la escritura número 103 de la fe del notario Juan B. Nogueras del 1928; vistas las secciones 1, 2(*b*), 4, 5 y 9 de la Ley para Asegurar la Efectividad de Sentencias aprobada el 1 de marzo de 1902 según ha sido posteriormente enmendada; y apareciendo de los autos que la obligación reclamada es de pagar una suma de dinero, o sea, $364 de capital, intereses sobre dicha suma a razón del 12% anual desde el 11 de agosto de 1928 hasta su total pago, calculados dichos intereses en la suma de $181.54 y la cantidad adicional de $150 convenida para honorarios de abogado y $50 para costas en caso de reclamación judicial; que la obligación reclamada

consta en documento auténtico, o sea, la escritura arriba mencionada; y apareciendo además que el demandado es dueño de una finca que se describe así:

"'Rústica: Predio de terreno con cabida de veinte cuerdas, igual a siete hectáreas, ochenta y seis áreas, y siete y media centiáreas, radicada en el barrio Barrancas, del término municipal de Barranquitas, y en lindes: Norte, con una quebrada que separa terrenos de la sucesión de Gabriel Negrón; Sur, Eulogio Sierra; Este, Ricardo Martínez; y Oeste, la misma sucesión Negrón.'

"La Corte conviene en ordenar y por la presente ordena el embargo de la finca arriba descrita para responder de las sumas reclamadas en la demanda y que se dicen en la exposición de los fundamentos de esta orden. Expídase por el secretario el correspondiente mandamiento de anotación de embargo dirigido al Hon. Registrador de la Propiedad de Guayama, P. R.

"Dada en Guayama, P. R., a 9 de octubre de 1931.—(f) Gabriel Castejón, Juez Corte de Distrito.

"Por tanto: El Sr. Registrador de la Propiedad de Guayama, P. R., es por el presente requerido para el debido cumplimiento de lo dispuesto en la orden transcrita.

"Expedido por orden de la Corte y con su sello oficial en Guayama, P. R. hoy 10 de octubre de 1931.—(f) Tomás Pagán Colón, Secretario Corte de Distrito de Guayama, P. R. (Hay un sello que dice: District Court, Guayama, P. R.)."

El registrador se negó a verificar la anotación por los siguientes motivos:

"Denegada la anotación de embargo que se interesa y solicita según el anterior mandamiento, por el motivo de que en el presente caso no se ha decretado el embargo de la finca por la Corte de Distrito de Guayama, ni el mismo ha sido practicado por el Márshal de dicha Corte, y por consecuencia carece de facultades el Secretario para ordenar su anotación en el Registro, y tomada en su lugar anotación preventiva por el término legal a favor de la demandante García y González . . ."

La parte interesada remitió al registrador copias de la demanda y de la solicitud de aseguramiento y el registrador insistió en su negativa. Recurrió entonces para ante este tribunal.

Bastaría citar para revocar la nota recurrida el caso de

*López* v. *Martínez*, 45 D.P.R. 530 en que de acuerdo con lo resuelto en los casos de *Batle* v. *Registrador,* 30 D.P.R. 745, *Santini Fertilizer* v. *Registrador,* 36 D.P.R. 20 y *Ochoa Fertilizer* v. *Registrador,* 43 D.P.R. 626, se estableció la siguiente jurisprudencia: "Decretado un embargo por la corte para asegurar la efectividad de la sentencia que pueda dictarse en el pleito, la orden para que el embargo se practique por medio de anotación en el registro emana de la corte y puede cumplirse por mandamiento expedido por el secretario directamente al registrador o al márshal correspondiente como en los casos ordinarios para que actúe."

Sostiene el registrador en su alegato que:

"En los Registros de la Propiedad no se anotan órdenes de embargo, ni se anotan mandamientos de anotaciones de embargo. Éstos son simplemente los documentos en que apoya el Registrador su actuación. Lo que de acuerdo con la Ley los Registradores podemos anotar, son embargos practicados y perfeccionados sobre bienes inmuebles, o en otras palabras, 'mandamientos de embargo que se hayan hecho efectivos en bienes raíces.' Eso es lo que autoriza el párrafo segundo del artículo 42 de la Ley Hipotecaria. Es cierto que la sección 9 de la 'Ley para Asegurar la Efectividad de las Sentencias,' dispone que 'el embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el Registro de la Propiedad,' etc. A nuestro juicio, a los términos de esta Ley no puede concedérsele una interpretación extensiva, a tal extremo que envuelvan una modificación o enmienda de lo dispuesto por la Ley Hipotecaria, sobre todo cuando por disposición expresa de esta última legislación, sancionada ya por sentencia de esta Hon. Corte, ella no puede ser enmendada sino de una manera expresa. (Véase art. 413 de la Ley Hipotecaria, y Jiménez vs. Brenes, 10 : 128.)

"El sentido de la referida disposición legal quedó aclarado por la sección quinta de la 'Ley Relativa a las Sentencias y Manera de Satisfacerlas' de 9 de marzo de 1905, por la que se dispuso que, 'para trabar un embargo sobre una propiedad inmueble no será menester que el funcionario encargado de llevarlo a cabo se constituya en la finca, y siendo bastante que en el auto disponiendo la ejecución, se haga constar por endoso el embargo, describiendo la finca, y remitirá una copia de dicho auto, con el endoso, al Registrador de la

Propiedad del Distrito en que radicare la finca, para la correspondiente inscripción.' "

Y sigue argumentando hábilmente su criterio. Sin embargo, creemos que su nota debe revocarse.

No fué sin grandes dudas, especialmente de parte de algunos de sus jueces, que esta corte llegó a su decisión en el caso de *López* v. *Martínez,* supra. La corte tuvo muy en cuenta la práctica seguida por años en miles de. casos, el trastorno que implicaría variarla, las nulidades que podrían solicitarse y tendrían que decretarse y encontrando que dicha práctica podría sostenerse de acuerdo con los expresos términos de la ley especial sobre la materia, la sostuvo y seguirá sosteniéndola a menos que la Legislatura enmiende el estatuto. La certeza en los procedimientos judiciales es una de las características de una sociedad bien organizada.

La ley sobre efectividad de sentencias rige desde 1902. Se ha publicado últimamente en las páginas 96 a 102 del Código de Enjuiciamiento Civil, Ed. 1933. Es una ley especial que tiene vida por sí misma, de aplicación diaria en los tribunales. Expresamente dispone la forma en que se practicarán los embargos que de acuerdo con sus .términos se decreten. En cuanto a inmuebles "se efectuarán anotándolos en el registro de la propiedad."

Y la práctica ha sido: que la parte interesada solicite el aseguramiento, que la corte, si procede, lo decrete mediante embargo, y que el embargo se practique si es sobre inmuebles, anotándolo en el registro de la propiedad.

En el registro están o deben estar inscritos todos los inmuebles de la Isla. Allí está o debe estar la historia exacta de ellos. Y la verdad es que contando como contamos con una institución tan bien organizada, la disposición legal fué sabia.

Iniciado el pleito, el demandante pide a la corte como medida previa que ordene la garantía de la sentencia que solicita. Si la corte se convence de que procede, exigiendo

o no fianza según sea el caso, puede adoptar alguna de las diferentes medidas que fija el estatuto, entre ellas la del embargo de bienes inmuebles del demandado. Decretado, el secretario comunica en forma de mandamiento la orden de la corte al registrador y éste la cumple anotando el embargo en la cuenta de la finca que lleva en su registro. Queda desde entonces notificado todo el mundo de la existencia del gravamen que pesa sobre la finca embargada. Es en verdad la práctica más sencilla y eficiente que puede imaginarse.

No se trata de una enmienda a la Ley Hipotecaria. Se trata de un procedimiento nuevo, de un deber nuevo impuesto a los registradores y para así acordarlo tiene plenos poderes la Legislatura. Y la forma adoptada para el acuerdo es procedente.

*Se revoca la nota recurrida.*